UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| Plaintiff, | : | |
| v. | : | Case Number: 21-cr-0115 CRC |
| EDUARDO ALVEAR GONZALEZ, | : | |
| Defendant. | : | |

**MOTION FOR PRE-TRIAL RELEASE**

EDUARDO GONZALEZ, through his court-appointed attorney, Anthony D. Martin, moves for a review of his pre-trial detention status and if necessary, release to third party custody with Hight Intensity Supervision for the reasons appearing below.

*Procedural Posture*

Mr. GONZALEZ was charged by information on February 11th, 2021 with several offenses including: Entering and Remaining in a Restricted Building or Grounds in violation of 18 USC §1752(a)(1); Disorderly and Disruptive Conduct in a Restricted Building or Grounds in violation of 18 USC §1752(a)(2); Disorderly Conduct in a Capitol Building in violation of 40 USC §5104(e)(2)(D) and Parading, Demonstrating or Picketing in a Capitol Building in violation of 40 USC §5104(e)(2)(G). He was arrested on or about January 31st, 2021. He has been detained from the date of his arrest to the present in the Western Tidewater Regional Jail, in Suffolk County Virginia.

*Background Information*

Mr. GONZALEZ is a natural citizen of the United States; born in California. He is currently separated from his wife and he has one child; whom he supports. At the time of

his arrest, he was co-habiting with John Morris at 322 Laskin Road, Virginia Beach Apartment 428.  Mr. Morris is willing to act as third-party custodian, should the court see fit to place him under home detention or house arrest.  That assurance coupled with electronic monitoring, should assure the safety of the community as well as Mr. GONZALEZ's appearance for all future hearings and his trial.

*Argument*

## I.
## MR. MORRIS'S WILLINGNESS TO ACT AS THIRD-PARTY CUSTODIAN, COUPLED WITH ELECTRONIC MONITORING REASONABLY ASSURES MR GONZALEZ'S APPEARANCE AT TRIAL.

A. **There is No Evidence to Support An Argument That Mr. Gonzalez is a Flight Risk.**

Pursuant to 18 USC §3142(c), in determining the issue of bail, a judicial officer may only impose conditions which reasonably assure the appearance of a defendant.  For purposes of the Bail Reform Act, the standard for ensuring appearance is a reasonable likelihood, not an absolute guarantee of appearance.  ***See, e.g.*** *United States v. Himler*, 797 F.2d 156, 161-162 (3rd Cir. 1986).  Because there is a statutory presumption favoring release of the defendant on his own personal recognizance or upon the execution of an unsecured appearance bond, the Government must prove, by a preponderance of the evidence, that the defendant presents a risk of flight.  *See,* 18 U.S.C. §3142(b); *United States v. Friedman*, 837 F.2d 48, 49, (2d Cir. 1988) (stating government's burden of proof in risk of flight cases is preponderance of the evidence standard); *United States v. Berrios-Berrios*, 791 F.2d 246, 250, (2d Cir. 1986) (Bail Reform Act recognizes "traditional presumption favoring pretrial release for most defendants); *see also United States v. Orta*, 760 F.2d 887, 891 n.20 (8th Cir. 1985) (finding Bail Reform Act's silence as to appropriate evidentiary standard in risk of flight cases indicates preponderance of the evidence standard).

Although the defendant has been charged with a several offenses the presumption that he is a flight risk is considerably diminished with the aforementioned combination of conditions. Even if there is substantial evidence in this case of wrongdoing, it appears that the overwhelming majority is related to defendants other than Mr. GONZALEZ. The evidence that does point to Mr. GONZALEZ involves activity that do not appear to involve acts of violence.

**B.  Mr. Gonzalez Should Not Be Detained Based on the Fact that Potential Co-Defendants May Be Detained.**

Media accounts surrounding the events of January 6th, 2021, reveal that several others who took part in entering the Capitol have been detained. As a result, Mr. Gonzalez is worried that he may not receive a hearing based on his individual circumstance. It has been held that a detention hearing cannot rest on determinations made at a co-defendant's detention hearing. *United States v. Vortis*, 785 F.2 327, 329 (D.C. Cir. 1986).

*Conclusion*

The likelihood of Mr. GONZALEZ fleeing to avoid prosecution is remote given the fact that the government has no evidence to date to show that he has the means, resources or intent to flee. Moreover, the willingness of his roommate to act as third-party custodian, coupled with the requirement that he be subject to electronic monitoring, reasonably assures his appearance at future proceedings.

*Prayer*

**WHEREFORE**, the Defendant respectfully requests that he be released to his roommate; John Morris, who is willing to act as a third-party custodian and set any condition or combination of conditions to reasonably assure his appearance.

Respectfully submitted,
ANTHONY D. MARTIN


By: _____/S/_____
Anthony D. Martin, 362-537
GREENWAY CENTER OFFICE PARK
7474 Greenway Center Drive, Ste 150
Greenbelt, MD 20770
(301) 220-3700; (301) 220-1625(fax)

*Attorney for Eduardo Gonzalez*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing MOTION FOR REVIEW OF PRE-TRIAL DETENTION AND RELEASE TO THIRD PARTY CUSTODY was sent electronically on the date appearing below to:

**Troy A. Edwards, AUSA**
United States Attorney's Office
555 4th Street, NW
Washington, DC 20001


On this Monday, March 08, 2021


By: /s/ Anthony D. Martin
ANTHONY D. MARTIN, 362-537