UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | |
| : | Case Number: 21-cr-0115 CRC |
| : | |
| EDUARDO ALVEAR GONZALEZ, : | |
| : | |
| Defendant. : | |
| : | |

## DEFENDANT'S SENTENCING MEMORANDUM

Comes now the Defendant, EDUARDO ALVEAR-GONZALEZ through counsel and pursuant to *Fed.R.Crim.P.* 32 and 18 USC §3553(a). He submits the following memorandum for the court's consideration prior to his sentencing.

### *Procedural Posture*

Mr. Alvear is scheduled for sentencing on January 5th, 2022 at 10:00 am before the Honorable Christopher R. Cooper.

### *Comments on the Pre-Sentence Report*

**IDENTIFYING DATA**
   No comments or corrections.

**SENTENCING RECOMMENDATION**

Mr. Gonzalez concurs with the recommendation with the exception of restriction on the use of Marijuana which he uses to address his anxiety. He has an expired prescription; which he has agreed to have renewed.

*No other comments, amendments or objections to the PSR are noted.*

*History and Characteristics of the Accused*

Mr. Alvear is thirty-three years old. He is divorced and has one child; a daughter aged four, with whom he has frequent contact. He pays child support on a monthly basis. He has three siblings, but does not have a close relationship with any of them. Mr. Gonzalez is self-employed as a Film Maker for *Good Lion Productions*. He has been self-employed since 2019. With the exception of traffic violations, he has no criminal history.

*Nature and Circumstance of the Offense*

From the outset, the court is advised that Mr. Alvear recognizes the gravity of what was done by him on January 6th, 2021 and has not only expressed remorse for his actions, but sees it as a learning experience. (Exh 1, 4) In frank discussions with counsel, he now believes he and others were tools used by others to attack the Capitol. Moreover, he denies any suggestion made by the Government's boiler plate Sentencing Memorandum, that he came to Washington DC to take part in a riot. As a result, he submits specific rebuttal to portions of the government's Sentencing Memorandum.

*A. Reason for Coming to Washington*

Mr. Alvear's sole reason for coming to Washington, DC was to attend his first ever political rally in support of Donald Trump. It was never his intention or expectation to be a part of the breach of the Capitol. Indeed, like thousands of others that day, he walked from the Ellipse to the Capitol at the urging of the former president; who told them he would be walking with them. Mr. Alvear left after Trump's speech at approximately 1:10pm. He arrived at the Capitol at about 2:15pm. (Exh 7,8) Reliable reporting states **the first wave of breachers arrived just before 1:00 pm**.[1] (Exh 15)

---

[1] https://en.wikipedia.org/wiki/Timeline_of_the_2021_United_States_Capitol_attack

*B. Entering the Capitol*

Mr. Alvear notes that, according to the Washington Post[2] and *WikiPedia*, the first wave entered the Capitol Building at approximately 1:00pm. (Exh 14, 15, 16)  Mr. Alvear attended the full speech; which ended just after 1:00 pm and walked to the Capitol.  Provided images show timestamps from Mr. Alvear's iPhone the he did not enter the Capitol Building until 2:30pm; some 90 minutes after the entranceways were breached.  Moreover, he did not enter with a riotous crew. (Exh 5,8,9)  Proving that h**e was not part of the first wave**, as asserted by the government. (Gov't Sen Memo, page 1, para 1)

What's more, he did not carry any of the items seen in some of the videos, which included: poles; sticks; batons; shields; bear spray or mace; *inter alia*.  Indeed, the only thing he carried was his cell phone and a previously prescribed sedative in the form of marijuana.  (Exh 11, 12)  He also disputes the argument that the image depicted in the Sentencing Memo on page 4, was taken by him or from his phone. (Gov't Sen Memo, page 4)   Mr. Alvear has provided video footage of him arriving at and entering the Capitol, which does not include the image depicted in the Government's Sentencing Memo on page 4.  (Exh 5, 6, 8,9)  His footage even includes him turning the camera around, as proof that he was the one actually doing the filming, unlike the government's photo which could have been a shot from anyone's camera.

He further denies any suggestion that he had turned off his cell phone while on the Capitol Grounds.  What did happen was he had lost service, as did many others.  (Gov't Sen Memo, Page 3)  Hence, the characterization that he engaged in riotous behavior; is not supported by any photos or film.  At worst, are a few comments in the way of narrative.  His comments are otherwise void

---

[2] https://www.washingtonpost.com/graphics/2021/national/national-security/capitol-response-timeline/

3

of any encouragement to engage in physical violence, theft or destruction. The sum total of what he did inside amounted to recording and smoking marijuana in the Rotunda. Any attempt to directly connect him to violence is arguably a stretch. (Sen Memo, page 3, line 1) In short, despite suggestions to the contrary and upon evidence from his filmmaking that day, it is clear that Mr. Alvear did not participate in any acts of violence or destruction of property in order to enter the Capitol. In fact, the video shows the doors were open wide with police officers to the side allowing entrance. (Exh 5)

### C. Activity Inside the Capitol

It is worth repeating that once inside the building, he did not engage in any defacing, theft or destruction of property. He did not physically or verbally assault law enforcement officers; building personnel or Congressional staff. Furthermore, he did not attempt to enter private offices or either of the two Chambers of Congress.

### D. Exiting the Capitol

What is actually depicted in the frame is what happened after Mr. Alvear walked up to an officer in the Capitol and asked "how do I exit the building". (Gov't Sen Memo page 6 Image) Upon seeing the tightly squeezed scene of police and protestors trying to get in, he turned around to find another way out. He was looking for a different exit route, when his back pack was grabbed. The officer helped him exit by pushing him through the mass of bodies. It short, it should be made clear that Mr. Alvear was assisted in trying to exit the Capitol Building, not being forced out as suggested by the government's memo. (Gov't Sen Memo, page 6)

### E. On the Question of Remorse

Time has offered Mr. Alvear ample opportunity to reflect on January 6th, 2021. With respect to the question of remorse, Mr. Alvear has made it clear to counsel and thousands of his followers that storming the Capitol or other acts of violence is no way to promote change. (Exh 1) Indeed, he has most recently sent a community post on *YouTube* to his twenty thousand followers stating "I disavow anyone who thinks charging a Capitol building will do any good. We can be heard in safer ways. May it be known I do regret breaking the law, but I wouldn't relive this life and exclude my lessons learned in jail." (Exh 1) The full statement has been submitted with this memo for review.

He regrets his entering the Capitol and realizes that his behavior on that day cast him in a disparaging light. That being said, he also feels that he has a right to express his views on the election result and respond to criticisms and characterizations that he feels are unwarranted. He is committed to being viewed as a good citizen and father of high character. He tells counsel he is working full time and is concerned that some people feel he is not entitled to voice an opinion.

### *Deterrence Value*

With respect to *Specific Deterrence*, as mentioned before Mr. Alvear has never been in trouble. He has endured approximately forty-five (45) days in prison. The experience of being completely isolated from family and friends, for even that short period, has left an indelible impression on him. In terms of *General Deterrence,* his case is not likely to matter to the likes of those who actually engaged in violence and continue to be committed to derailing the historical movement towards a true democracy.

### *Need to Avoid Sentencing Disparities*

Furthermore, as the government has conceded, there is a need to avoid sentencing disparities. Having cited *United States v. Jenna Ryan* and *United States v. Derek Jancart,* it seems

contradictory for the government to argue that jail time is necessary in Mr. Alvear's case. Mr. Jancart was sentenced to forty-five (45) days incarceration; which Mr. Alvear has exceeded by three days, having been imprisoned for (48) days.

### *Criminal History and Statutory Consideration*

Mr. Alvear does not dispute his criminal history category or the application of 18 USC §3561.

### *Restitution, Fines and Special Assessments*

Ms. Alvear has agreed to pay restitution in the amount of $500.00 dollars.

### *Prayer*

WHEREFORE, EDUARDO ALVEAR-GONZALEZ respectfully requests:

1. That the court weigh heavily the time spent at various facilities totaling at least forty-five days.

2. That the court not impose a fine.

3. That if sentenced, he be sentenced to time served.

4. That he be place on Supervised Release for no more than 2 years.

5. For such other and further relief as the interest of justice and the public good demands.

Respectfully submitted,

By:   /S/ Anthony D. Martin
      Anthony D. Martin, Esquire   362-537
      GREENWAY CENTER OFFICE PARK
      7474 Greenway Center Drive, Ste 150
      Greenbelt, MD 20770
      (301) 220-3700; (410) 972-4701

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Sentencing Memorandum was sent electronically and/or by facsimile to the following person and address indicated below on the date indicated:

**Anne Veldhuis, SAUSA**
Trial Attorney- Detailee
450 Golden Gate Ave., Room 10-0101
San Francisco, CA 94102


**Troy A. Edwards, AUSA**
United States Attorney's Office
555 4th Street, NW
Washington, DC 20001


Respectfully submitted,


By:/S/
Anthony D. Martin, 362-537
7474 Greenway Center Drive, Ste 150
Greenbelt, MD 20770
(301) 220-3700; (301) 220-1625

Monday, January 3, 22